**FILED**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NOV **1 9** 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Criminal No. 02-388 |
| JUAN CARLOS SIERRA-RAMIREZ, | : | (ESH) |
| A/K/A "EL TUSO" | : | **(UNDER SEAL)** |
| A/K/A "EL PRIMO" | : | |
| DEFENDANT | : | **UNSEALED** |

PLEA AGREEMENT

1.  The Defendant, Juan Carlos Sierra-Ramirez, a/k/a "El
Tuso", a/k/a "El Primo" (Sierra-Ramirez), knowingly and
voluntarily agrees with the United States, through the Narcotic
and Dangerous Drug Section of the Criminal Division of the United
States Department of Justice (NDDS), to plead guilty to Count One
of the Indictment filed in the above referenced case.  Count One
of the Indictment charges the Defendant with Conspiracy to both
(1) manufacture and distribute five (5) kilograms or more of
cocaine, a Schedule II controlled substance, intending and
knowing that the cocaine will be unlawfully imported into the
Untied States and (2) knowingly, intentionally and unlawfully
import five (5) kilograms or more of cocaine, a Schedule II
controlled substance, into the United States from the Republic of
Colombia, a place outside the United States, in violation of 21
U.S.C. §§ 960, 952, 959 and 18 U.S.C. § 2.

2.  The Defendant understands that the crime in Count One of
the Indictment to which Defendant is pleading guilty carries a

term of imprisonment of not less than ten (10) years nor more than life,[1] a fine not to exceed $4,000,000 and a period of supervised release of at least five (5) years a $100 special assessment that must be paid to the Clerk of the United States District Court.

3. The Defendant understands that the Court cannot place Defendant on probation or suspend Defendant's sentence and Defendant is not eligible for parole.

4. The Defendant agrees to the Statement of Facts signed by Defendant which is attached to this Plea Agreement and incorporated herein.

5. The Defendant acknowledges Defendant's responsibility for the conduct charged in Count One of the Indictment and stipulates that the conduct charged in this count may be considered by the Probation Office and the Court in imposing sentence.

6. The Defendant agrees that, pursuant to Section 2D1.1 of the United States Sentencing Guidelines ("Sentencing Guidelines"), for Count One of the indictment, the Defendant is accountable for more than 150 kilograms of cocaine, a Schedule II controlled substance.  Accordingly, pursuant to Section

---

[1] Although the Sentencing Guideline Range includes a period of incarceration up to life, the government is prohibited from seeking a life sentence.  Prior to extradition of the defendant to the United States from Colombia, the United States government made assurances with the Colombian government that the United States would not seek the death penalty or life imprisonment if the defendant were convicted.  This assurance is made for all defendants extradited from Colombia to the Untied States.

2D1.1(c)(1) of the Sentencing Guidelines, the base offense level for the crime to which Defendant is pleading guilty is 38.

7. The United States will recommend, and the Defendant agrees, that the Defendant be given a two (2) level increase for being a manager or supervisor in the criminal activity pursuant to Section 3B1.1(b) of the Sentencing Guidelines. The Defendant also agrees that pursuant to Section 2D1.1(b)(1), he should receive a two (2) level increase for possessing a firearm. The Defendant understands that these recommendations are not binding on the Court.

8. The Defendant understands that the Court is not bound by the Sentencing Guidelines but must consult the Sentencing Guidelines and take them into account when sentencing the Defendant. *United States v. Booker*, 543 U.S. 220 (2005). The Defendant understands that the sentence to be imposed is a matter solely within the discretion of the Court and that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which Defendant is pleading guilty. The Defendant understands that the Court has not yet determined Defendant's sentence and that any estimate of the probable sentencing range that Defendant may have received is only a prediction, not a promise, and is not binding on the United States, the Probation Office or the Court. The Defendant understands that the Court is not obligated to follow any

3

recommendation at the time of Defendant's sentencing.

9.   The United States makes no promise or representation concerning what sentence the Defendant will receive.

10.   The Defendant agrees that Defendant cannot withdraw Defendant's guilty plea based on Defendant's actual sentence.

11.   In calculating the Sentencing Guideline range, the Defendant agrees not to seek any adjustment to Defendant's offense level pursuant to Chapter Three of the Sentencing Guidelines other than to seek an adjustment for acceptance of responsibility under Section 3E1.1 of the Sentencing Guidelines.

12.   Prior to sentencing, in consideration for the Defendant's plea of guilty, the United States will recommend that Defendant be given a three (3) level credit for acceptance of responsibility under Section 3E1.1 of the Sentencing Guidelines. Such a motion is contingent upon the Defendant being candid and truthful in response to questions needed for the preparation of the Pre-sentence Investigation Report.  The Defendant understands that these guideline recommendations are not binding on the Court.

13.   The Defendant agrees to cooperate with the United States on the following terms and conditions:

(A)   Defendant shall cooperate truthfully, completely and forthrightly with the United States Department of Justice and with federal, state, local and all foreign law enforcement

4

authorities and government entities in any matter as to which the United States Department of Justice deems Defendant's cooperation relevant including Defendant's own unlawful activities and the unlawful activities of others.  The Defendant understands that if he falsely implicates an innocent person in the commission of a crime, or exaggerates the involvement of any person in the commission of a crime in order to appear cooperative, or if the defendant falsely minimizes the involvement of any person in the commission of a crime in order to protect that person, then the defendant will be in violation of this plea agreement.

(B) The United States recognizes that the Defendant has been voluntarily participating in the Justice and Peace Act[2] with the Colombian government since 2004.  Pursuant to 18 U.S.C. § 3553(a), the United States agrees to bring to the Court's attention at the time of sentencing the Defendant's past and continued cooperation with the Colombian government in this process as well as all other information that Defendant provides to assist the Colombian government.  Although the government is obligated to present this information at the time of sentencing, only information that proves useful to investigations and prosecutions on behalf of the United States government will be considered for "substantial assistance" as more fully described in paragraph 15, *infra*.

---

[2] Law 975-05 Justicia y Paz

5

(C)   Defendant shall promptly deliver to the United States Department of Justice and the Colombian government all evidence of crime, all contraband and proceeds of crime and all assets traceable to such proceeds of crime.

(D)   Defendant shall promptly submit to the United States Department of Justice a full and complete accounting of all of Defendant's assets, financial and otherwise, whether such assets are in Defendant's name or in the name of a third party. The United States agrees to bring to the Court's attention at the time of sentencing the total assets the Defendant provided to the Colombian government, if any, in reparations under the Justice and Peace Act.

(E)   Defendant shall be interviewed by United States and foreign law enforcement agents, United States and foreign officials and/or attorneys representing the United States.   The Defendant has the right to have Defendant's counsel present during these interviews.   The Defendant agrees, nonetheless, that any interviews/debriefings may be conducted without Defendant's counsel present as long as Defendant's counsel is notified and provided the opportunity to attend.

(F)   Defendant shall testify fully and truthfully before any Grand Jury and at all trials or other court proceedings in the United States, foreign proceedings at which Defendant's testimony is deemed relevant by the United States

6

Department of Justice.

(G)   Defendant's cooperation with the United States is a continuing obligation which will end after NDDS determines his cooperation completed.   The Defendant understands and agrees that his cooperation may, therefore, continue after he is sentenced.

(H) The Defendant acknowledges that any refusal by the Defendant to cooperate fully, truthfully, completely and forthrightly as directed by NDDS and law enforcement authorities identified by NDDS in any and all matter(s) in which the Government deems the Defendant's assistance relevant will constitute a breach of this agreement by the defendant, and will relieve the Government of its obligations under this agreement, including but not limited to its obligation to file a departure motion pursuant to Section 5K.1. of the Sentencing Guidelines and/or 18 U.S.C. § 3553(e).   The defendant agrees, however, that such breach by him will not constitute a basis for withdrawal of his plea of guilty or otherwise relieve him of his obligations under this agreement.

14.   The Defendant understands that the determination of "substantial assistance" pursuant to either Section 5K1.1 of the Sentencing Guidelines or 18 U.S.C. § 3553(e) is within the sole discretion of the United States Department of Justice and will be based solely on information and other assistance provided that concerns potential defendants and offenses that may be prosecuted

in the United States.[3]  This determination is not reviewable by
the Court. The Defendant understands that if the Government does
not file a motion for downward departure the Court may not grant
a downward departure, either under Section 5K1.1 of the
Sentencing Guidelines or under 18 U.S.C. § 3553(e).  In any
event, the Defendant specifically agrees not to seek a downward
departure, without the Government's motion, based on any
assistance provided in the investigation(s) or prosecution(s) of
another person(s) by the United States government who has
committed a federal, state, foreign or local offense.  The
Defendant agrees and acknowledges that the failure of NDDS to
file a substantial assistance departure motion shall not be
grounds for him moving to withdraw his plea of guilty in this
case or otherwise relieve him of his obligations under this
agreement.  If in its sole discretion, the United States agrees
to file a motion for departure with the Court, the Government
shall inform the Court of any and all cooperation provided by the
Defendant to the United States at the time of his sentencing.
Specifically, the United States agrees to inform the Court of the
United States' evaluation of the truthfulness, completeness,
reliability, and value of Defendant's information, the

---

[3] The parties understand that this provision ensures that the Defendant will not get a "double benefit" for information that he provides pursuant to this agreement: once for information provided to the Colombian government pursuant to his obligations under the Justice and Peace Act and  for the same information again pursuant to this agreement.  If, however, information benefits both the United States and Colombian authorities, the Defendant will be provided credit under this agreement.

8

significance, usefulness, nature, extent and timeliness of Defendant's assistance, and any injury suffered or any danger or risk of injury to the Defendant or Defendant's family resulting from Defendant's assistance/cooperation.

15.   In the event that the defendant and/or his family are threatened, the matter will be referred to the Drug Enforcement Administration or other appropriate investigative authority to conduct a threat assessment. Once the threat assessment has been conducted, the investigatory agency will act appropriately. It is in the sole discretion of the Department of Justice and the investigatory agency to determine what course of action is appropriate.

16.   The Defendant agrees not to commit any criminal violation of local, state, federal or foreign law during the period of Defendant's cooperation with the United States pursuant to this Plea Agreement or at any time during Defendant's cooperation.   The Defendant's commission of a criminal offense during such period of time will constitute a breach of this Plea Agreement and will relieve the Government of its obligations under this Agreement, including but not limited to its obligation to file a departure motion pursuant to Section 5K1.1 of the Sentencing Guidelines and/or 18 U.S.C. § 3553(e).   The Defendant's breach will not entitle Defendant to withdraw Defendant's guilty plea.   The Defendant agrees that to establish

9

a breach the United States need only prove Defendant's commission of a criminal offense by a preponderance of the evidence.

17.   The Government and the Defendant agree that, despite the restrictions in Section 1B1.8 of the Sentencing Guidelines, the Government will be free to use against the Defendant for any purpose at the sentencing, or any proceeding, any self-incriminating information provided by the Defendant pursuant to this agreement or during the course of debriefings conducted in anticipation of this Agreement, regardless of whether those debriefings were covered by any Proffer Agreement and/or "off the record" agreement by the parties.

18.   In the event that the Defendant is ever a witness at any trial or other judicial proceeding or presents evidence through other witnesses and Defendant's testimony or such evidence presented through others is different from, contradicts or in any manner is inconsistent with statements made or information supplied by Defendant pursuant to this Plea Agreement, the attorney for the United States may cross-examine Defendant and other witnesses concerning any statements made or information supplied by Defendant pursuant to this Plea Agreement.  Evidence regarding such statements or information may also be introduced by the United States as rebuttal evidence.

19.   Nothing in this Plea Agreement shall be construed to prohibit the United States from using any statements,

10

information, documents, or physical evidence obtained from
Defendant pursuant to this Plea Agreement to prosecute Defendant
for perjury, false statement, and/or obstruction of justice or
any other offense committed by Defendant during or after
Defendant's cooperation with the United States.

20.   If, at any time during Defendant's cooperation with the
United States under this Plea Agreement, the United States
determines that Defendant has provided any information or
evidence that is not truthful or complete or if Defendant does
not provide assistance or testimony upon request, the obligations
of the United States under this Plea Agreement are terminated.
In that event, the United States may prosecute Defendant on any
and all criminal activity of the Defendant and the United States
may, notwithstanding any other provision in this Plea Agreement,
use against Defendant all information and evidence obtained from
Defendant pursuant to this Plea Agreement or during the course of
debriefings conducted prior to this Plea Agreement regardless of
whether such debriefings were covered by a proffer agreement
between the parties.

21.   If the Defendant fails in any way to fulfill completely
all of Defendant's obligations under this Plea Agreement, the
obligations of the United States under this Plea Agreement are
terminated.   The Defendant agrees that Defendant cannot withdraw
Defendant's guilty plea because of Defendant's breach of this

11

Plea Agreement.

22. The Defendant agrees that Defendant cannot withdraw Defendant's guilty plea entered pursuant to this Plea Agreement for any reason. Any motion to withdraw Defendant's guilty plea shall constitute a breach of this Plea Agreement and will relieve the United States of all of its obligations under this Plea Agreement.

23. The United States reserves the right to carry out its responsibilities under the Sentencing Guidelines and reserves its right of allocution in this case. The United States reserves the right to recommend a specific period of incarceration and fine up to the maximum sentence of incarceration (except for life) and fine allowable by law. In accordance with this agreement, the United States reserves its right to bring its version of the facts of this case, including its file and any investigative reports, to the attention of the Probation Office in connection with the preparation of a Pre-sentence Investigation Report and to the Court. The United States also reserves the right to dispute sentencing factors or facts material to sentencing and to use any information or material, whether or not obtained from the Defendant pursuant to this Plea Agreement, to correct any factual errors asserted by the Probation Office or by the Defendant.

24. The United States Department of Justice recognizes that the Defendant is specifically named by the United States

12

Department of the Treasury's Office of Foreign Assets Control on its sanctions list pursuant to the Foreign Narcotics Kingpin Designation Act (21 U.S.C. 1901-1908), which imposes economic sanctions on the Defendant and prohibits United States individuals and corporations from doing business with the Defendant.  After the Defendant successfully completes his cooperation and sentence, as determined by the United States, the United States Department of Justice agrees to take no position on a petition by the Defendant to the United States Department of Treasury's Office of Foreign Assets Control to remove his name from their sanctions list pursuant to the Foreign Narcotics Kingpin Designation Act.  The Defendant understands that the ultimate determination to remove his name will be determined by the United States Department of Treasury and not the parties to this agreement.

25.  The Defendant understands that his compliance with each part of this Agreement extends throughout and beyond the period of his sentence up until the time that NDDS determines his cooperation complete, and failure to abide by any term of the Agreement is a violation of the Agreement.  The Defendant further understands that in the event that he violates this Agreement, the Government, at its option, may either move to vacate the Plea Agreement, rendering it null and void, and thereafter prosecute

13

the Defendant not subject to any of the limit set forth in this Agreement, or to re-sentence the Defendant.   The Defendant understands and agrees that in the event that this Plea Agreement is breached by the defendant, and the government elects to void the Agreement and prosecute the Defendant, any additional charges that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against the Defendant in accordance with this paragraph, notwithstanding the expiration of the statue of limitations between the signing of this Agreement and the commencement of such prosecutions.

26.   The Defendant understands that the Court is not a party to, and is not bound by, this Plea Agreement.

27.   This Plea Agreement binds only the Narcotic and Dangerous Drug Section of the Criminal Division of the United States Department of Justice.   It does not bind any other federal, state, local or foreign authorities.

28.   The Defendant agrees that sentencing in this case, if requested by the United States, should be delayed until the Defendant's cooperation has been completed or an appropriate time in the cooperation, as determined by the United States, so that the Court will have the benefit of all relevant information before a sentence is imposed.

14

29.   The Defendant agrees to be held without bond until sentencing and agrees not to oppose detention.

30.   The Defendant agrees that any information Defendant provides to the United States pursuant to this Plea Agreement shall not contain privileged material that the Defendant may have learned during meetings with co-defendants and their attorneys.

31.   The Defendant agrees to voluntarily forfeit to the United States and/or the Colombian government all property subject to forfeiture under 21 U.S.C. § 853.  Specifically, the defendant agrees to forfeit to the United States or to the Government of Colombia his interest in any property in his possession or under his control that constitutes or is traceable to proceeds of his narcotics trafficking.  The defendant agrees to enter into a consent order of forfeiture and to fully assist the United States and Colombian governments in effectuating the surrender of the forfeited assets.  The defendant further agrees to assist the United States and Colombian governments in effectuating the surrender and forfeiture of all identified assets to either the United States or the Government of Colombia and to take whatever steps are necessary to ensure that clear title thereto passes either to the United States or the Government of Colombia.  The defendant agrees not to file a claim or assist others to file a claim to any of the forfeited assets in any administrative or judicial proceeding.  If any third

party, other than a *bona fide* innocent third party, files a claim
to a litigation in the United States or Colombia regarding the
properties which the defendant identified are forfeitable, the
defendant will assist the governments in defending the forfeiture
action.  Assets forfeited pursuant to this agreement may be used
as reparations to Colombian victims of the *Autodefensas Unidas de
Colombia* (AUC) violence and crimes, pursuant to the Defendant's
obligations under the Justice and Peace Act. The Defendant
knowingly and voluntarily waives his right to a jury trial on the
forfeiture of such assets, and waives all constitutional, legal
and equitable defenses to the forfeiture of such assets.

32.   The defendant represents to the Court that no threats
have been made against him and that he is pleading guilty freely
and voluntarily because he is in fact guilty, and represents to
the Court that he is fully satisfied with the legal advice,
guidance and representation he has received from his attorney.

33.   The United States recognizes that the Defendant was
incarcerated in Colombia between August 17, 2006 and May 14,
2008, as part of the Justice and Peace Act.   The United States
has no objection to this time being credited to the Defendant's
sentence in this case.

34. The defendant is aware that Title 18, United States
Code, Section 3742 affords the defendant the right to appeal the

sentence imposed in this case.  Acknowledging this, in exchange

for the undertakings made by the United States in this plea

agreement, the defendant hereby waives all rights conferred by

Title 18, United States Code, Section 3742 to appeal any sentence

imposed, including any restitution order, or to appeal the manner

in which the sentence was imposed, including any challenges to

the constitutionality of the Sentencing Guidelines, unless the

sentence exceeds the maximum permitted by statute or results from

an upward departure from the Guideline Range established by the

Court at sentencing.  Additionally, the Defendant waives any

right to have facts that determine his sentence under the

Guidelines alleged in the indictment or found by the Court.  The

Defendant further agrees that the Court shall find at sentencing

by a preponderance of the evidence any facts that determine his

Guidelines Range.  The Defendant further understands that nothing

in this agreement shall affect the Government's right and/or duty

to appeal as set forth in 18 U.S.C. §3742(b).  However, if the

United States appeals the Defendant's sentence pursuant to

Section 3742(b), the Defendant shall be released from the above

waiver of appellate rights.  By signing this agreement, counsel

for the Defendant acknowledges that he has discussed the appeal

waiver with the Defendant and that Defense Counsel, along with

the prosecutor, will request that the district court enter a

specific finding regarding the Defendant's knowing and voluntary

waiver of his right to appeal the sentence imposed, as set forth
in this agreement.

35.  The parties understand that if the Defendant fulfills
his obligations under the Justice and Peace Act and is sentenced
pursuant to the Justice and Peace Act, per Article 30 of the
Justice and Peace Act, "the sentence can be served in a country
other than Colombia."  If the Defendant and the Colombian
government agree that the Defendant can serve his sentence
imposed under the Justice and Peace Act in the United States, the
government will not object to the Defendant serving his Colombian
sentence concurrent to the sentenced imposed in this case.
Nothing in this provision allows the Defendant to serve any part
of a Colombian sentence that would result in his imprisonment in
the United States beyond the completion date of his United States
sentence.

36.  This Plea Agreement represents the entirety of the
terms and conditions of the agreement between Defendant and the
United States.  No agreements, understandings, promises,
representations or conditions exist other than those contained in
this Plea Agreement.  No other agreements, understandings,
promises, representations or conditions or changes to this Plea
Agreement may be made or entered into unless in writing and
signed by the parties.

37.   This Plea Agreement supersedes all prior understandings, promises, agreements or conditions, if any, between the NDDS of the Criminal Division of the United States Department of Justice and the Defendant.

38.   The Defendant and the United States agree to request that the Court place this Plea Agreement and relevant Court proceedings in this case under seal.

Paul M. O'Brien
Chief
Narcotics and Dangerous Drug Section
Criminal Division
United States Department of Justice


By:    Robert A. Spelke          Date 11/19/08
       Robert Raymond
       Trial Attorneys
       Narcotics and Dangerous Drug Section
       U.S. Department of Justice

I have consulted with my attorneys and fully understand my rights with respect to the indictment pending against me and the Sentencing Guideline provisions which apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorneys. I fully understand this Plea Agreement and I voluntarily agree to it without reservation. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorneys in connection with this plea agreement and all matters related to it.


_____                    11-19-2008
Juan Carlos Sierra-Ramirez                        Date
Defendant


We are the Defendant's attorneys. We have fully explained to the Defendant the Defendant's rights with respect to the pending indictment and the applicable provisions of the Sentencing Guidelines. I have carefully reviewed every part of this Plea Agreement with the Defendant. The Defendant is entering into this Plea Agreement voluntarily, intelligently and with full knowledge of all consequences of Defendant's plea of guilty.

We represent to the Government and the Court that we have no conflict of interest that would impede our legal judgement in this matter. We specifically declare that we do not represent any co-defendants in this case nor any witnesses against my client that would be adverse and/or in conflict with our representation in this matter.


_____                    11.19.2008
Manuel J. Retureta, Esquire                       Date
Ron Earnest, Esquire
Attorneys for Defendant


20