From: Joaquin Perez [mailto:joaquin_perez@bellsouth.net]
Sent: Tuesday, April 13, 2010 7:51 PM
To: 'Spelke, Robert'; 'Kevin.R.Schreiber@usdoj.gov'
Subject: Salvatore Mancuso

Dear Rob:

At this moment I am talking to Salvatore and I am relaying to him all the matters upon which his testimony will be required by the Supreme Court of Colombia, the Prosecutor's office, and the judges of the Justice and Peace Process.

According to the schedule, Salvatore will be called to testify on April 20, 21 and 23. As I have mentioned on many occasions, Salvatore has been the only person that has kept the Justice and Peace Process and other judicial processes alive. But for Salvatore, the argument could be made that the extraditions that occurred on May 13, 2008 deprive the Colombian people of very valuable information.

Consistent with the similar request that I made of Glenn Alexander, I would like to confirm that his testimony in those matters in which he will appear as witness, including his testimony against the present vice president of Colombia and against Senator Zulema Jardin, and Senator Jorge Bisbal are matters that will be considered as cooperation to the government of the United States. As I mentioned before, the suggestion that he will be receiving double benefit by providing assistance to the United States and Colombia is unfounded. The reality is that Salvatore can fulfill his obligations under the Justice and Peace by simply acknowledging his wrongdoings and not necessarily testifying against powerful individuals before the Supreme Court of Colombia.

Given the importance of the proceedings and the concerns expressed by the SC of Colombia which have blocked the extradition of Don Mario and others, it would be advisable for you and Kevin to visit Salvatore in order to reassure him that his sacrifices would not be forgotten at the time of his sentence.

Please let me know your thoughts on this matter so that I can share them with Salvatore.

http://sn124w.snt124.mail.live.com/mail/PrintShell.aspx?type=message&cpids=2e62d71d-47d2-1...   4/14/2010

EXHIBIT A

## Indictment and Sentencing Issue

**From:** Spelke, Robert [mailto:Robert.Spelke@usdoj.gov]
**Sent:** Friday, April 16, 2010 5:03 PM
**To:** jplaw1@bellsouth.net
**Cc:** Raymond, Robert
**Subject:** Indictment and Sentencing Issue

Mr. Perez,

Attached to this e-mail is a copy of the Indictment against Mr. Mancuso. In addition, you asked whether the testimony provided by Mr. Mancuso in the human rights and before the Colombian Supreme Court (i.e., non Justice and Peace cases) would be considered at sentencing. Pursuant to the plea agreement, Mr. Mancuso's agreement to testify will be presented to the Court for her consideration at the time of sentencing pursuant to 18 U.S.C. Section 3553 (a)(1). I should, however, point out that this testimony cannot be used by the government in determining a 5K1 motion. Nevertheless, Mr. Mancuso is obligated under the plea agreement to testify and the government is obligated under the plea agreement to bring this testimony to the Court's attention at the time of sentencing. Finally, please note that if Mr. Mancuso refuses to testify, it would well be a breach of our plea agreement and his refusal *will* be presented to the Court for consideration at sentencing.

I trust that adequately answers your inquiry. If you need additional information, please contact me.

Robert A. Spelke
Trial Attorney
Narcotics and Dangerous Drug Section
Criminal Division
U.S. Department of Justice
202-353-3807

http://sn124w.snt124.mail.live.com/mail/PrintShell.aspx?type=message&cpids=4e72a230-...   4/18/2010

**EXHIBIT B**

**From:** Spelke, Robert
**Sent:** Monday, April 26, 2010 4:57 PM
**To:** jplaw1@bellsouth.net
**Cc:** Rothstein, Julius; May, Stephen; Raymond, Robert; Alexander, Glenn; Turner, Donnell
**Subject:** Potential Benefits for Mr. Mancuso under the Plea Agreement with Successful Cooperation

Mr. Perez,

This electronic mail is in response to your recent questions concerning the cooperation of Mr. Mancuso. Pursuant to our plea agreement, Mr. Mancuso can get a 5K1 benefit but only for information he provides that assists in a United States prosecution. As you know, the plea agreement also obligates Mr. Mancuso to participate in Colombia proceedings as part of his cooperation. If, however, the benefit only assists the Colombian government, the Plea Agreement carefully provides that there will be no 5K1 benefit but, rather, the government will make this "Colombian" cooperation known to the Court for sentencing purposes (although not specifically stated, it would be under 18 U.S.C. 3553(a)). It is my understanding that you want the government to make a second recommendation to the Court of a specific reduction (percentage (X%) or months (X months)) based upon the cooperation that did not benefit the U.S. government (under 18 U.S.C. 3553(a)). Also, you question whether the government would oppose a sentence outside the 5K1 reduced sentencing guideline range based on the defendant's cooperation with the Colombian government.

Let us assume for this example that the government agrees that Mr. Mancuso successfully cooperated with Colombian officials in all of the proceedings before the Human Rights Commission, pursuant to the Justice and Peace Act and cases before the Colombian Supreme Court. I believe your question is, will the U.S. government recommend a specific reduction below the 5k1 departure request. A second question would be whether the U.S. government would object if the Court sentences Mr. Mancuso below the requested Guidelines after the 5K1 departure request?

In answer to your questions, the Plea Agreement specifically may allow for a further reduction below the 5K1 reduced sentencing guideline (i.e., U.S. cooperation). Mr. Mancuso is obligated under the terms of the plea agreement to participate with any cooperation deemed relevant, including the Colombian investigations. The government agreed to inform the Court of any such assistance provided in these foreign investigations, and theoretically he has the potential to get some benefit from that form of successful cooperation.

If appropriate, the government may theoretically make a recommendation to the Court that is lower than the departures requested under its theoretical 5k1 motion which takes into consideration the cooperation the defendant provided during the required foreign investigations. We believe this view is consistent with the Plea Agreement language and our agreement to present this "non-5K1" cooperation to the Court at sentencing.

I trust this answers your questions as well as the concerns raised by Mr. Mancuso. If you have any additional questions or concerns, please contact me.

Robert A. Spelke
Trial Attorney
Narcotics and Dangerous Drug Section
Criminal Division
U.S. Department of Justice
202-353-3807

EXHIBIT C

## Potential Benefits for Mr. Mancuso under the Plea Agreement with Successful Cooperation

**From:** Joaquin Perez [mailto:joaquin_perez@bellsouth.net]
**Sent:** Wednesday, April 28, 2010 5:54 PM
**To:** 'Spelke, Robert'
**Subject:** RE: Potential Benefits for Mr. Mancuso under the Plea Agreement with Successful Cooperation

Mr. Spelke:

I have carefully read and reviewed your email dated April 27, 2010 with respect to my questions concerning the cooperation rendered by Salvatore Mancuso to the Government of Colombia. This is my considered response.

At the time that the plea agreement was executed, I believe that the parties were operating under the assumption that there were basically two areas of Mancuso's potential cooperation: (1) with United States law enforcement; and (2) with Justice and Peace. Critics of our efforts argue against giving Mancuso benefits for his involvement in Justice and Peace, based upon the fact that his sentence in Colombia will be capped at 8 years, and that therefore, he already stood to gain as a result of his participation.

As time has passed, it has become clear that there is a third and extremely significant area of cooperation being provided by Mancuso, which is his testimony to the Supreme Court of Colombia in matters involving public corruption, violence and other significant criminal investigations being prosecuted by local prosecutors in Colombia. In order to appropriately and properly account for this cooperation — which comes with significant risk of potential harm to Mancuso's family (and which the government is compelling pursuant to the Plea Agreement) I propose the following, which is based upon the reality that the sentencing court is most likely to be influenced by a sentence reduction from the Government which is expressed as a 5K motion.

The Government's sentencing recommendation should be organized into three separate parts: (1) a 5K recommendation based upon his substantial assistance to U.S. law enforcement; Cooperation in drug and money laundering cases which also benefit the Colombian law enforcement community will also be factored in; (2) a 5K recommendation and/or 18 U.S.C. § 3553 recommendation based upon Mancuso's cooperation with the Colombian Supreme Court in other criminal and/or political investigations; and (3) a description of his cooperation under Justice and Peace, including the fact that he was one of the promoters and organizers of the act, to be considered under 18 U.S.C. § 3553, as a favorable personal characteristic which reflects his rehabilitation and the strong likelihood that he has divorced himself from prior criminal activity. If it is more convenient, the Government can combine the recommendation for the first two grounds,

so long as the Court is advised that Mancuso testified beyond the Justice and Peace process, in matters of international importance to the United States and Colombia, and that as a result thereof he exposed himself and family to significant danger.

I believe that this proposal incorporated all the features of your e-mail dated April 27, 2010. Please let me know if you have any objections to it.

**EXHIBIT D**

**From:** Spelke, Robert
**Sent:** Friday, April 30, 2010 3:13 PM
**To:** jplaw1@bellsouth.net; Joaquin Perez
**Cc:** Rothstein, Julius; Raymond, Robert; Schreiber, R. Kevin (DEA-US)
**Subject:** Potential Benefits for Mr. Mancuso under the Plea Agreement with Successful Cooperation

Mr. Perez,

Thank you for your response. You are correct that, at the time Mr. Mancuso entered his plea agreement, the United States believed there were two categories in which Mr. Mancuso could provide cooperation – information that benefits cases in the United States directly and information that does not benefit cases in the United States. It was my understanding that the second category – information that does not benefit cases in the United States – is not as narrow as you described. The United States was well aware of the Colombian government's request for Mr. Mancuso to testify before the Colombian Supreme Court and the Human Rights Commission in addition to the Justice and Peace Act. The language in the plea agreement is consistent with this notion and contemplates these type efforts by Mr. Mancuso. The plea agreement requires cooperation in all proceedings, not just the Justice and Peace Act. Assuming that Mr. Mancuso successfully completes his cooperation, the United States will, of course, present to the sentencing Court the significance of Mr. Mancuso's testimony before the Colombian Supreme Court as part of our recommendation for a reduction in non-U.S. cases.

Once again, I trust this satisfies your concerns.

Robert A. Spelke
Trial Attorney
Narcotics and Dangerous Drug Section
Criminal Division
U.S. Department of Justice
202-353-3807

http://sn126w.snt126.mail.live.com/mail/PrintShell.aspx?type=message&cpids=33ac82d0-5...   5/4/2010

**EXHIBIT E**