## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| UNITED STATES OF AMERICA | \| | |
| | \| | Criminal Case No.: 02-388 (2) (ESH) |
| v. | \| | |
| | \| | -- Filed Under Seal -- |
| SALVATORE MANCUSO GOMEZ | \| | |
| | \| | |

## MEMORANDUM IN AID OF SENTENCING DEPARTURE UNDER U.S.S.G. §5K1.1

Defendant, Salvatore Mancuso (hereinafter referred to as "Mr. Mancuso"), submits this Memorandum to advise the Court of the pertinent facts concerning the assistance he has rendered in the investigation and prosecution of other targets of criminal activity.

### I.    Guideline Calculation

Based on the Mr. Mancuso's conviction, his base offense level begins at a Level 44, USSG §2D1.1, with a corresponding three level reduction, USSG §3E1.1(a) and (b). Since his criminal history is Category I, his resulting guideline range is 324 months to 404 months.

### II.    USSG §5K1.1 Substantial Assistance to Authorities

Section 5K1.1 provides for a downward departure from the guidelines if the government files a motion "stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense." The amount of the reduction "shall be determined by the court for reasons stated that may include, but are not limited to, consideration of the following":

1.    the court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;

2.    the truthfulness, completeness, and reliability of any information or testimony provided by the defendant;

3.    the extent of the defendant's assistance;

4.      any injury suffered, or any danger or risk of injury to the defendant or his
        family resulting from his assistance;
5.      the timeliness of the defendant's assistance.

*See United States v. Pizano*, 403 F.3d 991 (8th Cir. 2005) (court not bound by the government's

recommendation as to how far to depart); *United States v. Milo*, 506 F.3d 71 (1st Cir. 2007)

(same); *United States v. Grant*, 493 F.3d 464 (5th Cir. 2007) (same).  *See also,* USSG

§5K1.1(a)(3.

### III.    Government's Recommendation

The government is recommending a downward departure of 35% from the guideline range

of 324 to 405 months.  *See*, Government's Sentencing Memorandum, Page 23.  If the Court were

to adopt the government's recommendation and use the high end of the guideline range, the

sentence of imprisonment would be 263 months.   However, if the Court chooses to impose

sentence at the low end of the guideline, the sentence imposed would be 210.6 months.

### IV.    Defendant's Cooperation Under USSG §5K1.1.

Based on the factors set forth in USSG §5K1.1, Mr. Mancuso recommends a 55% reduction

from the low end of the guideline resulting in a sentence of 145 months.

### A.  Significance and Usefulness of the Mr. Mancuso's Assistance USSG §5K1.1(a)

Mr. Mancuso arrived in Washington, D.C. on May 13, 2008.  Within approximately one

week after his arrival, Mr. Mancuso began discussions about cooperating with DEA.   Over the

course of the next seven years, Mr. Mancuso provided the highest level of assistance to law

enforcement against significant narcotic traffickers.

[redacted]

[redacted]

[redacted]

[redacted]

[1] The CPOT List is a multi-agency target list of the "command and control" elements of the most prolific international drug trafficking and money laundering organizations.



[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

---

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

---

[redacted]

[redacted]

**(7). United States Debriefings**

On no less than 40 occasions, from his arrival to the United States, Mr. Mancuso met with law enforcement, prosecutors and government officials. These sessions yielded information about multiple investigations and targets, while providing the basis of charging documents. [redacted]

[redacted]

[redacted]





[redacted]

[redacted]

[redacted]

**(8) Truthfulness, Completeness and Reliability of Information and Testimony USSG 5K1.1(a)(2).**

During more than 40 proffer sessions, Mr. Mancuso was completely candid about his prior conduct even understanding the potential danger he and his family might face through his cooperation.  The government has no reason to call into question the veracity of the information provided by Mr. Mancuso.  In fact, agents were able to corroborate most of the details based on information from other cooperating defendants.  In this respect, it is important to note that as early as 2008, he provided information about very significant drug traffickers most of whom were subsequently indicted and convicted.  Moreover, ███████████████████████████████ ██████████████████████ he provided ledgers and financial information that were used to understand the full scope of their criminal activity.

### B.  Nature and Extent of Assistance (USSG 5K1.1(a)(3)

Mr. Mancuso met each and every one of the government's expectations outlined at the initial meeting on May 2008.  He provided information and agreed to testify against other co-conspirators at the same or higher level in the United States and Colombia.  To this end, his testimony was presented to the Grand Jury that indicted ████████████████████, who as previously mentioned were very significant traffickers operating with the complicity of high ranking army officers in Venezuela.

In addition to cooperation with the United States and Colombia, the Italian government sought access to Mr. Mancuso and formally petitioned the Honorable Chief Judge Royce C. Lamberth for use of the court debriefing room.   Dr. Nicola Gratteri, "Dirección Distrital Antimafia de la Procuraduría de la República del Tribunal de Reggio Calabria," and other officials conducted the interview in January of 2009.   As always, Mr. Mancuso's cooperation was extraordinary and substantial.  As a direct result of these interviews, two Italian nationals, ███████████████████ ███ were charged and convicted by an Italian court to 4 and 9-years respectively.  See Exhibit 7.

**C.   Injury suffered, or any danger or risk of injury to Mr. Mancuso or his family resulting from his assistance (USSG §5K1.1(a)(4)**

As mentioned in the Memorandum in Aid of Sentencing outlining the 18 U.S.C. §3553(a) factors, Mr. Mancuso assistance, particularly in Colombia, have placed family members in harm's way, most notably the assassination attempt against his eleven year old son and continuous threats against his wife and children.   Most significantly, even though NDDS Director Paul M. O'Brien specifically asked for protection against retaliation against Mr. Mancuso's family, such request has been ignored repeatedly by the Colombian authorities.   Thus, the danger and risk will always be there as some of the convicted individuals in Colombia have long memories and are not likely to forget or forgive Mr. Mancuso's testimony.

**D.   Timeliness of Mr. Mancuso's Assistance** (USSG §5K1.1(a)(5)

Mr. Mancuso's assistance was incredibly timely as he agreed to cooperate at the earliest stage of his arrival in the United States.   Although faced with a significant sentence, Mr. Mancuso was the <u>first</u> paramilitary leader to plead guilty to the charges in the United States on October 14, 2008.    Similarly, Mr. Mancuso was the first extradited paramilitary leader to testify via teleconference in Colombia thereby setting a precedence that others emulated while many such as Tovar-Pupo and "Macaco" rejected.

## CONCLUSION

For the foregoing reasons, Mr. Mancuso respectfully request that the Court sentence Mr.

Mancuso to 120 months in custody followed by 5 years of supervised release, no fine, and $100

special assessment.

Respectfully submitted,

*/s/ Joaquin Perez*
JOAQUIN PEREZ
Florida Bar No. 335339
6780 Coral Way
Miami, Florida 33155
Telephone: (305) 261-4000
Facsimile:   (305) 662-8715
jplaw1@bellsouth.net

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed under seal this 31 day of March, 2015 and an electronic copy was sent to AUSA Paul Laymon, US Department of Justice.

*/s/ Joaquin Perez*