IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES, | ) |
| | ) |
| v. | ) 02-cr-388-02 (ESH) |
| | ) (UNDER SEAL) |
| JUAN CARLOS SIERRA RAMIREZ, | ) |
| Petitioner/Defendant | ) |

**PETITIONER'S/DEFENDANT'S MOTION FOR WRIT
OF *HABEAS CORPUS* PURSUANT TO 28 U.S.C. § 2241 AND,
IN ADDITION, MOTION TO VACATE, SET ASIDE OR
CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 AND
INCORPORATED MEMORANDUM AND POINTS OF AUTHORITIES**

COMES NOW PETITIONER/DEFENDANT, Juan Sierra Ramirez (hereinafter "Mr. Sierra"), through undersigned counsel, respectfully moves this Court to grant a writ of *habeas corpus*, pursuant to section 2241 of Title 28 of the United States Code (§ 2241), and release him from the custody of Immigration and Customs Enforcement. In addition, the Mr. Sierra moves this Court to vacate his sentence pursuant to section 2255 of Title 28 of the United States Code (§ 2255).

I. **Motion for Writ of Habeas Corpus**

A writ of *habeas corpus* is the "highest safeguard of liberty." *Lonchar v. Thomas*, 517 U.S. 314, 322 (1996). It is the "fundamental instrument for safeguarding individual freedom against arbitrary and lawless state action." *Harris v. Nelson*, 394 U.S. 286 (1969). "[T]he writ has stood as an indispensable safeguard . . . and a constant remedy against wrongful detention at the whim of the executive." *Abu Ali v. Ashcroft*, 350 F.Supp.2d 28, 39 (D.D.C. 2004); *citing*

1

*Rasul v. Bush*, 542 U.S. 466, 473 (2004); *see also Hensley v. Municipal Court*, 411 U.S. 345, 350 (1973) (explaining that the Court has "consistently rejected interpretations of the *habeas corpus* statute that would suffocate the writ in stifling formalisms").

"Consistent with its high purpose, courts have given the writ an exceptionally broad reach." *Ali, supra,* 350 F.Supp.2d at 39. "Writs of *habeas corpus* may be granted by the [federal] district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241 (a). A *writ of habeas corpus* may only extend to a prisoner if "(1) He is in custody under or by color of the authority of the United States . . . ; or (2) He is in custody for . . . an order, process, judgment or decree of a court or judge of the United States." 28 U.S.C. § 2241 (c)(1), (2). Jurisdiction vests concurrently with the district within which Mr. Sierra was convicted and sentenced and the district within which the person is in custody. 28 U.S.C. § 2241 (d).

This Court has jurisdiction to issue a writ of *habeas corpus* in Mr. Sierra's case because he is currently detained in the custody of Immigration and Customs Enforcement (hereinafter "ICE") pursuant to a sentencing order issued by this Court. Specifically, Mr. Sierra is being held subject to mandatory detention as a person convicted of a drug trafficking offense. INA § 236 (c), INA § 212 (a)(2)(A)(i)(II).[1] Since ICE is using Mr. Sierra's conviction for distribution of five or more kilograms of cocaine as the basis for Mr. Sierra's continued and indefinite detention, this Court maintains jurisdiction over Mr. Sierra for a writ of *habeas corpus* and may order Mr. Sierra's release from custody.

This Court also maintains jurisdiction over Mr. Sierra for a writ of *habeas corpus* because he is being held in ICE custody, under color of authority of the United States. Since ICE is federal agency and it is currently holding Mr. Sierra indefinitely, this Court maintains

---

[1] Section 236 (c) of the INA states that a person who is convicted for a crime outlined in section 212 (a)(2) is subject to mandatory detention. Section 212 (a)(2)(C)(i) includes a person who has been an illicit trafficker in any controlled substance.

2

jurisdiction to issue a writ of *habeas corpus* and order Mr. Sierra's release from custody.

A. Persons with Custody of Mr. Sierra

Pursuant to section 2242 of Title 28 of the United States Code, Mr. Sierra sets forth the following persons who have custody of his person: (1) Eric Holder, Attorney General of the United States, in his official capacity and his successors and assigns; (2) the Acting Director of Immigration and Customs Enforcement,[2] in his/her official capacity and his/her successors and assigns; (3) Jeh Johnson, Secretary of the Department of Homeland Security, in his official capacity and his successors and assigns; (4) Enrique Lucero, Field Office Director, Department of Homeland Security, in his official capacity and his successors and assigns; and (5) Jeffery Crawford, Director of the ICA Farmville Detention Facility, in his official capacity and his successors and assigns. Mr. Sierra respectfully requests that this Court issue an order to one or all of the above-listed persons to release Mr. Sierra from the person's custody forthwith.

B. Prayer for Relief under the Writ of *Habeas Corpus*

Mr. Sierra is being detained indefinitely without the possibility of bond. Mr. Sierra's indefinite detention without the possibility of bond violates his right to due process by depriving him of his core liberty interest to be free from bodily restraint, and violates the plea agreement previously filed with this Court. The Due Process Clause requires that the deprivation of a person's liberty be narrowly tailored to serve a compelling government interest. No such interest exists here.

Mr. Sierra, through his continuous and exemplary cooperation with the Government, has demonstrated to this Court that he is not a risk of flight or a danger to the community. ███

███████████████████████████████████████████████████

---

[2] The prior Director, John Sandweg resigned on or about February 17, 2014, and undersigned counsel is unaware of the identity of the Agency's newly appointed Director as it does not appear on the Agency's organizational chart.



Immigration and Customs Enforcement refused to consider these factors when it declined to release Mr. Sierra from custody. This Writ serves as the only mechanism, to present the factors mentioned and gain Mr. Sierra's release. A reasonable bond could certainly guarantee Mr. Sierra's appearance at future proceedings.

## II. Motion to Vacate the Plea Agreement

As a supplement to Mr. Sierra's Motion to Compel Specific Performance of His Plea Agreement, he now respectfully files this motion under 28 U.S.C. § 2255 (a) and (b). Mr. Sierra submits that § 2255 is the appropriate instrument for relief where a petitioner is in federal custody and the sentence is "subject to collateral attack." *See* § 2255 (e).[4]

Mr. Sierra submits that the Government is in continuing breach of the plea agreement negotiated by the parties and then accepted by this Court. Pursuant to paragraph 14 of the plea agreement, the government promised to "inform the Court of any injury suffered or any danger or risk of injury to Mr. Sierra or Defendant's family resulting from Defendant's

---

[3] The Department of Homeland Security has appealed the Immigration Judge's Order granting Deferral of Removal. An order is not final until "a determination by the Board of Immigration Appeals affirming such order [is made]; or the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." INA § 101 (a)(47)(B)(i) & (ii) (2014).

[4] Advisory Committee Notes: The basic scope of this post-conviction remedy is prescribed by 28 U.S.C. § 2255. Under these rules the person seeking relief from federal custody files a motion to vacate, set aside, or correct sentence, rather than a petition for habeas corpus. This is consistent with the terminology used in section 2255 and indicates the difference between this remedy and federal habeas for a state prisoner.

4

assistance/cooperation." Plea ¶ 14. In fact, the government has failed to inform the Court of the risk to Mr. Sierra and his family. More troubling are actions, that upon information and belief, indicate that the government is limiting the availability of government agents familiar with Mr. Sierra's case to fully participate in immigration proceedings and before this Court.

## Conclusion

Mr. Sierra respectfully submits that the Government is in continuing breach of the plea agreement. The agreement was one component of assurances given by the Government that served to induce Mr. Sierra into waiving constitutional rights and enter into a cooperation agreement. The Government has given no indication that it will fulfill its obligations under the plea agreement. As of the date of the filing of this motion, Mr. Sierra has not been informed of any action by the government in response to the Court's concerns or instructions discussed at the previous court hearing on February 28, 2014.

WHEREFORE, this Court should vacate, or set-aside for further proceedings, Mr. Sierra's plea and conviction.

DATED: March 7, 2014

Respectfully submitted,

*Ron Earnest*
_____
Ron Earnest, Esq.
Bar # 477305
6801 Kenilworth Avenue
Riverdale, Maryland 20737
(240) 401-5277


BLESSINGER LEGAL, PLLC

By: *Eileen P. Blessinger*
Eileen P. Blessinger, Esq.
218 North Lee Street
Suite 327
Alexandria, Virginia 22314
703-778-6540


RETURETA & WASSEM, P.L.L.C.

By: [signature]
Manuel J. Retureta, Esq.
Washington, D.C. Bar #430006
Post Office Box #2787
Arlington, Virginia 22202
O - 202.450.6119 / F – 202.450.6109
MJR@RETURETAWASSEM.COM

*Counsel for Juan Carlos Sierra Ramirez*


**I HEREBY CERTIFY** that a true copy of the foregoing pleading was filed via the Court's ECF system on the date indicated, and a copy sent government counsel, Paul Laymon, via email.

[signature]

Manuel J. Retureta, Esq.